**NATIONAL LABOR RELATIONS**
**BOARD, Petitioner,**

v.

**QUAKER ALLOY CASTING COMPANY,**
**Respondent.**

**No. 14050.**

United States Court of Appeals
Third Circuit.

Argued Dec. 10, 1962.

Decided June 17, 1963.

Allan I. Mendelsohn, N.L.R.B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Atty., N.L.R.B., on the brief), for petitioner.

Geoffrey J. Cunniff, Philadelphia, Pa., for respondent.

Before KALODNER and FORMAN, Circuit Judges, and ROSENBERG, District Judge.

PER CURIAM.

The National Labor Relations Board ("Board") found that respondent violated Section 8(a) (3) and (1) of the National Labor Relations Act, as amended,[1] by discharging two of its employees for engaging in activities protected by Section 7 of the Act. It further found that respondent violated Section 8(a) (1) of the Act by interrogating its employees in respect to a grievance meeting which they had held on respondent's premises at 10 minutes before quitting time, by threatening to discharge the employees responsible for the meeting and by urging the employees to bring their grievances directly to the plant superintendent, thereby bypassing the shop representative. The Board also found that the employee grievance meeting was protected by Section 7 of the Act.

The Board's Order, now presented for enforcement, requires the respondent to cease and desist from the unfair labor practices found, and from in any other manner interfering with, restraining and coercing its employees in the exercise of rights guaranteed them by the Act, and affirmatively requires respondent to offer reinstatement with back pay to the two discharged employees and to post appropriate notices.

On review of the record we cannot say that it is lacking in substantial evidence to support the Board's findings, or that the Board's assessment of the motivations of the respondent transgressed the permissible limits of discretion confided to it by the Act. National Labor Relations Board v. Erie Resistor Corporation et al., 373 U.S. 221, 83 S.Ct. 1139, 10 L. Ed.2d 308 (1963).

A form of decree may be submitted.

---

1. 29 U.S.C.A. § 158.